**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE SHERMAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. _____ |
| : | |
| CIGNA CORPORATION, : | |
| LIFE INSURANCE POLICY : | |
| OF NORTH AMERICA, and ARIA : | |
| HEALTH D/B/A ARIA-JEFFERSON : | |
| HEALTH : | |
| : | |
| Defendants. : | |

## NOTICE OF REMOVAL

Defendants Cigna Corporation[1] and Life Insurance Company of North America ("LINA") (incorrectly captioned as Life Insurance Policy of North America),[2] through counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441. *et seq.* The grounds for removal are as follows:

1.      Plaintiff Michelle Sherman ("Plaintiff") commenced this action against Defendants by filing a Praecipe for Writ of Summons on March 19, 2018, and a Complaint in the Court of Common Pleas of Philadelphia County on June 13, 2018. This matter is captioned *Sherman v. Cigna Corporation et al.*, Case No. 180303188. A true and correct copy of the Complaint is attached hereto as Exhibit A and incorporated herein by reference. A true and correct copy of the Writ of Summons is also attached hereto as Exhibit B.

---

[1]      This filing by Cigna Corporation does not constitute an admission that it is a proper defendant in this action.

[2]      In the Complaint, Plaintiff erroneously referred to LINA as "Life Insurance Policy of North America." "Life Insurance Policy of North America" is not a viable entity or party that can be sued.

2.      LINA was served with the complaint on June 18, 2018.

3.      No other process or pleading has been filed in this action as of the date of the filing of this Notice of Removal.

4.      Neither Cigna Corporation nor LINA have yet filed a responsive pleading to Plaintiff's Complaint.

5.      Cigna Corporation and LINA are filing this Notice within thirty days after "receipt" of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based as allowed by 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7.      Any civil action filed in a state court, over which a federal district court would have original jurisdiction, shall be removable by a defendant to the district court of the United States for the district and division where the action is pending. 28 U.S.C. § 1441(a).

8.      Plaintiff's civil action arises under the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, a law of the United States. This Court has exclusive jurisdiction over actions arising under ERISA. 29 U.S.C. § 1132(e)(1).

9.      Plaintiff alleges that her employer, Aria Health, sponsored an ERISA welfare benefit plan (the "Plan"), which "funded the long-term disability component of its employee welfare benefit plan through the purchase of a group long term disability insurance policy. . . " Complaint ¶ 7.

10.     Among the benefits offered by the Plan were long-term disability benefits, which were provided pursuant to a long-term disability policy (the "Policy"). Complaint ¶ 8.

11.     In Count I of the Complaint, Plaintiff avers a "Arbitrary and Capricious Benefit Denial Under ERISA s. 112(a)(1)(B)" and alleges that "as a direct result of Cigna's wrongful denial of disability benefits a violation of ERISA (sic), Ms. Sherman seeks and is entitled to other appropriate equitable relief to counter and prevent any future retaliatory actions by ERISA." Complaint ¶ 43.

12.     Because Plaintiff's allegations fall within the purview of ERISA, this civil action is properly removed to this Court pursuant to 28 U.S.C. § 1441(c) and 29 U.S.C. § 1132(e)(1).

13.     Defendant Aria Health D/B/A Aria-Jefferson Health consents to removal.

14.     A true copy of this Notice of Removal will be provided to Plaintiff's counsel, pursuant to 28 U.S.C. § 1446.

15.     Pursuant to 28 U.S.C. § 1446(d), a true copy of this Notice of Removal will be filed with the Office of the Prothonotary of the Court of Common Pleas for Philadelphia County, Pennsylvania.

16.     This Notice of Removal is filed subject to and without waiver of any rights Cigna Corporation and LINA may have with respect to Plaintiff's claims.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331 and 1441 *et seq.*, Defendants Cigna Corporation and Life Insurance Company of North America respectfully request that Plaintiff's civil action be removed from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

_____

Caitlin P. Strauss
PA Attorney ID  202769
Matthew M. Haar
PA Attorney ID  85688
Meghan J. Talbot
PA Attorney ID  322308
SAUL EWING ARNSTEIN & LEHR LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA  19102
caitlin.strauss@saul.com
meghan.talbot@saul.com
matt.haar@saul.com

*Attorneys for Defendants Cigna Corporation and Life Insurance Policy of North America*

Dated:    July 9, 2018

# EXHIBIT A

| | |
|---|---|
| WEISBERG LAW | SCHAFKOPF LAW LLC |
| Matthew B. Weisberg, Attorney ID No.: 85570 | Gary Schafkopf, Attorney ID No. 83362 |
| 7 South Morton Ave. | 11 Bala Ave |
| Morton, PA | Bala Cynwyd, PA 19004 |
| 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 610-690-0880 | Fax: 888-238-1334 |
| **Attorney for Plaintiff** | **Attorney for Plaintiff** |

*Filed and Attested by the Office of Judicial Records 13 JUN 2018 04:24 pm R. EDWARDS*

| | |
|---|---|
| **MICHELLE SHERMAN** | PHILADELPHIA COUNTY |
| 6200 Madison Court | COURT OF COMMON PLEAS |
| Bensalem, PA 19020 | |
| | |
| Plaintiff, | |
| v. | No. 180302188 |
| | |
| **CIGNA CORPORATION** | |
| Two Liberty Place | |
| 1601 Chestnut Street | |
| Philadelphia, PA 19192 | |
| | JURY OF TWELVE (12) JURORS |
| and | DEMANDED |
| | |
| **LIFE INSURANCE POLICY OF NORTH** | |
| **AMERICA** | |
| Two Liberty Place | |
| 1601 Chestnut Street | |
| Philadelphia, PA 19192 | |
| | |
| and | |
| | |
| **ARIA HEALTH D/B/A ARIA-** | |
| **JEFFERSON HEALTH** | |
| 10800 Knights Road | |
| Philadelphia, PA 19114 | |
| | |
| Defendants. | |

## NOTICE TO DEFEND

| **NOTICE** | *AVISO* |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) |

action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association Lawyer Referral and Information Service One Reading Center Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.

Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion Legal One Reading Center Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No.: 85570
7 South Morton Ave.
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

|  |  |
|---|---|
| **MICHELLE SHERMAN** : | PHILADELPHIA COUNTY |
| 6200 Madison Court : | COURT OF COMMON PLEAS |
| Bensalem, PA 19020 : | |
| : | |
| Plaintiff, : | |
| v. : | No. 180302188 |
| : | |
| **CIGNA CORPORATION** : | |
| Two Liberty Place : | |
| 1601 Chestnut Street : | |
| Philadelphia, PA 19192 : | |
| : | JURY OF TWELVE (12) JURORS |
| and : | DEMANDED |
| : | |
| **LIFE INSURANCE POLICY OF NORTH** : | |
| **AMERICA** : | |
| Two Liberty Place : | |
| 1601 Chestnut Street : | |
| Philadelphia, PA 19192 : | |
| : | |
| and : | |
| : | |
| **ARIA HEALTH D/B/A ARIA-** : | |
| **JEFFERSON HEALTH** : | |
| 10800 Knights Road : | |
| Philadelphia, PA 19114 : | |
| : | |
| Defendants. : | |

## CIVIL ACTION COMPLAINT

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, Michelle Sherman, is an adult individual residing at the above captioned

Case ID: 180302188

address.

2. Defendant, Cigna Corporation is an international insurance company, duly organized in the Commonwealth of Pennsylvania doing business at the above captioned address.

3. Defendant, Life Insurance Policy of America, in an insurance company duly organized in the Commonwealth of Pennsylvania doing business at the above captioned address.

4. Defendant, Aria Health, doing business as Aria-Jefferson Health is a network of hospitals, duly organized in the Commonwealth of Pennsylvania doing business at the above captioned address.

5. Venue is proper in Philadelphia County Pennsylvania as the incident giving rise to the Complaint occurred in Philadelphia County Pennsylvania. Venue is appropriate in this Court pursuant to Pa. R.C.P. 1006.

6. Jurisdiction and venue are therefore proper in Philadelphia County, Pennsylvania.

**OPERATIVE FACTS**

7. Aria Health funded the long-term disability component of its employee welfare benefit plan (" Plan") through the purchase of a group long term disability insurance policy issued by Cigna International, Group LTD policy number 50684 ("Polic y").

8. As pertinent herein, the Policy provide s monthly long-term disability benefits to an Insured (and Plan participant) who is Disabled, which is defined as:

"you are unable to perform the material and substantial duties of your regular occupation due to your sickness or in jury; and you are under the regular care of a doctor; and, you have 20% or more loss in your monthly earnings due to that sickness or injury. Material and substantial duties" is defined as duties that "are normally required for the performance of your regular occupation and cannot be reasonably eliminated or

Case ID: 180302188

modified."

9. For several years, Sherman worked her way up through the hospital industry advancing to the position of lab technician at Aria Health until she was forced to stop working due to the effects of cervicalgia, lumbago, and shoulder pain, which caused her to be unable to perform the substantial and material duties of her regular occupation and any gainful occupation.

10. At all times pertinent hereto, Sherman was an "Insured" under the Policy and/or a participant in the Plan, who was entitled to the coverage and other benefits provided in and under the Policy and Plan.

11. Sherman filed a claim for long term disability benefits under the Plan.

12. The claim was approved and benefits commenced; indeed, Ms. Sherman filed and was approved for Social Security disability benefits as she was unable to perform any gainful work.

13. To date, Sherman remains unable to work at her and any gainful occupation due to her cervicalgia, lumbago, and shoulder pain as her deficits and symptoms continue without any change or improvement; indeed, she continues to receive Social Security disability benefits.

14. In or about 2016, Cigna terminated Sherman's long-term disability claim relying upon its review of medical records and a medical records peer review.

15. After her first appeal was rejected, on or about 2017, Sherman filed a second voluntary appeal of Cigna's claim.

16. After conducting an in-person medical exam and reviewing Cigna' s claim file, Sherman's doctor opined that Sherman was disabled from performing " the material

duties of any occupation on a steady and full-time basis ."

17. Her doctor related that "fatigue and concentration difficulties can be associated with the multiple medications Ms. Sherman must take, and also been a problem for her - she has to limit activities through her day and allow for frequent brakes (sic) to rest. " The doctor opined that Sherman is totally and permanently disabled and she is " unable to work a 40-hour week even in a light duty or sedentary capacity as a result of this condition."

18. In her appeal Sherman presented first-hand, credible medical and personal information establishing and documenting proof of and the extent of her continuing inability to perform her own and any gainful occupation, including her restrictions and limitations.

19. Neither the Plan, nor the Policy requires "objective clinical evidence."

20. In a letter dated November 14, 2017, Cigna upheld its termination of benefits by finding that " ... after reviewing the entire claim file, we have determined that the medical documentation does not support the need for medically necessary restrictions and limitations from March 1, 2017 onward."

21. Cigna's appeal reviews and decisions involved medical record peer reviews only and did not involve any in-person testing or examination; yet, Cigna had the ability to conduct independent medical exams, require cognitive testing, etc.

22. Cigna' s appeal reviews and decisions completely overlooked and ignored Sherman's personal, daily struggles; Cigna did not speak with Sherman about her issues and symptoms.

23. Cigna's appeal reviews and decisions rejected the treatment and opinions of in-person treating physicians, who also were not consulted by Cigna or its medical or vocational reviewers.

24. Instead, Cigna and its medical peer reviewer interpreted the medical records and felt that there was " no clinical data to support weakness requiring any restrictions."

25. Cigna "cherry-picked" the medical evidence and avoided the totality of circumstances, including Sherman herself, to reach a desired result.

26. Sherman has cervicalgia, lumbago, and shoulder pain that is objectively and clinically established for which she takes medications, undergoes therapy, and regularly treats with a specialist; her condition has not improved and will not improve, but instead continue to become progressively worse.

27. Sherman takes medication weekly to contain the damage (inflammation) to her central nervous system; and, while she is " stable, it is unrebutted that she experiences and continues to experience numerous, regular, and debilitating symptoms from pain to fatigue to concentration difficulties, which are unrebutted.

28. Cigna still has not considered and, thus, cannot establish that Sherman has the ability to return to work, that is work at any gainful occupation eight hours a day, five days a week for four weeks a month, etc.

29. Sherman has exhausted all administrative remedies as she has file d and pursued all of the appeals provided under and required by the Plan/Policy.

## COUNT I -- CIGNA'S ARBITRARY AND CAPRICIOUS
## BENEFIT DENIAL UNDER ERISA §1132(a)(1)(B)

30. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

31. At all times pertinent, and since April 2014, Plaintiff has been disabled from performing the material and substantial duties of her regular occupation and any gainful occupation due to her medical conditions and symptoms including, the symptoms arising from and

Case ID: 180302188

due to her medical issues, including pain and fatigue and other associated problems and, thus, she is entitled to continuing long term disability benefits due under the Policy/Plan.

32. Plaintiff's treating physician, and an independent neurologist who personally examined Sherman, both opined that Sherman was unable to perform her regular occupation and any gainful occupation and their treatment records confirm her medical conditions and symptoms underlying her diagnosis and Disability.

33. Sherman submitted proof, both medical and personal, to establish proof of a continuing Disability under the Policy/Plan.

34. Defendant Cigna, in order to control and limit its appeal reviews and decisions, conducted only a medical record reviews and failed to speak with Plaintiff, failed to communicate with her treating physician, failed to seek or request medical or diagnostic testing, and did not conduct an in-person exam despite having the authority and ability under the Policy /Plan to conduct these activities and assessments.

35. Cigna mischaracterizes and improperly interprets the Policy/Plan's provision of proof by a claimant of the "ex tent of your disability, including restrictions and limitations preventing from performing your regular occupation and gainful occupation " to mean objective clinical evidence, i.e. medical evidence.

36. Cigna's failure to speak with Ms. Sherman, failure to consider her personal Statement and daily activities, failure to consult with her treating physician or request or conduct diagnostic testing wider the circumstances and conditions presented , failure to conduct an in-person, independent medical examination cherry-picking of the medical evidence, improper insertion of an objective clinical evidence standard, and characterizing this as a burden of proof issue to avoid its duties , is both proof of bias

and self-serving actions and an arbitrary and capricious claim handling and tainted decision.

37. Cigna's decision to terminate Sherman's long term disability benefits was arbitrary and capricious inasmuch as it was not reasonable , was not supported by the evidence of record, failed to properly consider and address key medical and other evidence as well as the totality of evidence and resulted from a very narrow, limited, tainted, biased, deficient and otherwise erroneous claim review and process; indeed, Cigna's decision was wrong under any ERISA standard of review, including a *de novo* review or lessened difference due to Cigna's procedural violations and irregularities, bias, and conflicts of interest , *infer alia.*

38. Due to its inherent conflict of interest, its procedural violations and irregularities, and other biased, self-serv in g claim handling, Cigna is not entitled to any deference and /or any deference must be diminished to address and counter Prudential's errors and bias.

39. Due to Cigna's conflicts of interest, inherent and otherwise, Cigna is not entitled to any deference and/or deference must be diminished to address and counter Cigna's conflict of interest.

40. As a direct result of Cigna's wrongful denial of disability benefits and violations of ERISA, Ms. Sherman has been denied payment of her long-term disability benefits, which benefits plus interest, she is entitled to recover and seeks herein.

41. As a direct result of Cigna's wrongful denial of disability benefits and violations of ERISA,. Sherman has been deprived and lost ancillary benefits, including but not limited to pension, life (including a waiver of premium claim), health, dental and other benefits, which she is entitled to recover and seeks herein.

42. As a direct result of Cigna's wrongful denial of disability benefits and violations of ERISA, Sherman has been required to retain counsel and incur attorney's fees and other costs and expenses, which she is entitled to recover under §1132(g) and seeks herein.

43. As a direct result of Cigna's wrongful denial of disability benefits a violation of ERISA, Ms. Sherman seeks and is entitled to other appropriate equitable relief to counter and prevent any future retaliatory actions by Cigna.

**WHEREFORE ,** Plaintiff, Michelle Sherman herein requests that judgment be entered in her favor and against Defendant, The Cigna Insurance Company of America, that this Court award her the full and complete payment of long term disability benefits under the Policy/Plan , both retroactively and continuing into the future, plus interest and together with any and all ancillary benefits due, reasonable attorney ' s fees, costs and expenses, other appropriate equitable relief, and any other relief that this Court deems appropriate.

## COUNT II
### BAD FAITH

44. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

45. The actions and/or omissions of Defendants constitute Bad Faith pursuant to Pa.C.S.A. §8371, et seq., and at common law.

46. Defendants' bad faith includes, but is not limited to:

    a.  Failing to conduct a proper investigation prior to terminating Plaintiff's benefits;

    b.  Refusing without proper foundation to pay said claims;

    c.  Failing to inform Plaintiff of their rights under the policies;

    d.  Breaching its fiduciary relationship and contracts;

e.  At all times material, Defendants have conducted themselves in violation of the Pennsylvania Unfair Insurance Practices Act, 42 P.S. §1171, et seq., and Pennsylvania Unfair Claims Settlement Practices Act, 31. Pa.Code §146, et seq.

f.  Such other and further conduct which may be revealed throughout continuing discovery and/or at trial; and

g.  Establishing and exhibiting a pattern and practice of bad faith, representation and/or conduct benefiting the interests of Defendants, to the detriment of its insured, including Plaintiff.

47. At all times material, Defendants acted in Bad Faith and in violation of the aforesaid statute, as well as laws, statutes and ordinances of the controlling governments and/or municipalities.

48. As a direct and proximate result of the Defendants' bad faith conduct, Plaintiff has sustained severe financial harm.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit and attorney fees, punitive damages, and other relief which this Honorable Court deems necessary and just,

## COUNT III
## NEGLIGENCE

49. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

50. All times material, Defendants deviated from the applicable standard of care and otherwise were negligent, careless, reckless, including but not limited to:

a.  Breaching Defendants' fiduciary duty to Plaintiff;

b.  Failing to conduct a proper investigation prior to terminating Plaintiff's benefits;

Case ID: 180302188

c. Refusing without proper foundation to pay said claims;

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit and attorney fees, punitive damages, and other relief which this Honorable Court deems necessary and just,

**COUNT IV**
**BREACH OF CONTRACT/QUASI-CONTRACT**
**UNJUST ENRICHMENT/ PROMISORY ESTOPPEL**

51. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

52. At all times material, Plaintiff and Defendants were parties to the contracts (in the possession of Defendants), express and/or implied at law, of which Defendants are in breach, to Plaintiff's great personal detriment and injury as aforesaid.

53. At all times material, Defendants owed, Plaintiff as beneficiary of the policy, a duty of utmost fair dealing, to which said Defendants are in breach to Plaintiff's great personal detriment and injury as aforesaid.

54. At all times material, hereto, Defendants had a fiduciary duty to Plaintiffs which duty was breached by the reasons aforesaid.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit and attorney fees, punitive damages, and other relief which this Honorable Court deems necessary and just,

**COUNT V**
**BREACH OF FIDUCIARY DUTY**

55. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

56. At all times material, Plaintiff and Defendants were parties to the contracts, express and/or implied at law, of which Defendants are in breach, to Plaintiff's great personal detriment and injury as aforesaid.

57. Defendants' fiduciary duties include obligations to exercise good business judgement, to act prudently in the administration of sending notice regarding any changes in the whole life policy, to notice beneficiary of any changes to their policy in good faith, to act in the best interests of the company and their policyholders, and to put the interest of the policyholder before their own.

58. Defendants breached their duties of loyalty and good faith by failing to comply with the terms of the policy and applicable law.

59. At all times material hereto, Defendants had a fiduciary duty to Plaintiff which duty was breached by the reasons aforesaid.

60. Plaintiff had been damaged by Defendants' breach of their fiduciary duties.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, for an amount in excess of $50,000.00, plus interest, costs of suit and attorney fees, punitive damages, and other relief which this Honorable Court deems necessary and just,

Respectfully Submitted,

WEISBERG LAW

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ

DATE: 6-13-18

SCHAFKOPF LAW, LLC

BY: _____
GARY SCHAFKOPF, ESQ

DATE: 6 - 13 - 18

## **VERIFICATION**

I, Michelle Sherman, state that I am the above-named Plaintiff in this action and that the foregoing is true and correct to the best of my knowledge, information and belief. I understand that the statements made in the foregoing complaint are made subject to the penalties of 18 Pa.C.S. 4904 related to unsworn falsification to authorities.

Dated: 6/13/2018

Michelle Sherman
Plaintiff

Case ID: 180302188

# EXHIBIT B

*Phyllis Cauley accepted service Denny's LINA & Cigna*
*March 22, 2018 at 11:30am*

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **MARCH 2018** | **002188** |
| E-Filing Number: 1803044262 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHELLE SHERMAN | CIGNA CORPORATION   *18 030 2188* |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6200 MADISON COURT<br>BENSALEM PA 19020 | TWO LIBERTY   PLACE 1601 CHESTNUT STREET<br>PHILADELPHIA PA 19192 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | LIFE INSURANCE POLICY OF NORTH AMERICA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | TWO LIBERTY   PLACE 1601 CHESTNUT STREET<br>PHILADELPHIA PA 19192 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ARIA HEALTH, ALIAS: ARIA-JEFFERSON HEALTH |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 10800 KNIGHTS RD<br>PHILADELPHIA PA 19114 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☐ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☒ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 10 - CONTRACTS OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>MAR 19 2018<br><br>C. MILLER | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MICHELLE SHERMAN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GARY SCHAFKOPF | SCHAFKOPF LAW LLC<br>11 BALA AVENUE<br>BALA CYNWYD PA 19004 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)664-5200 | (888)283-1334 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 83362 | gschafkopf@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GARY SCHAFKOPF | Monday, March 19, 2018, 05:19 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

Schafkopf Law, LLC
Gary Schafkopf, Attorney ID No.
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiff**

*Filed and Attested by the
Office of Judicial Records
MAR 2018 08:49 pm
E. FILER*

---

|  |  |
|---|---|
| **MICHELLE SHERMAN** <br> 6200 Madison Court <br> Bensalem PA 19020 | PHILADELPHIA COUNTY COURT <br> OF COMMON PLEAS |
| Plaintiff <br> v. | No. |
| **CIGNA CORPORATION** <br> Two Liberty Place <br> 1601 Chestnut Street <br> Philadelphia, PA 19192 <br> and | |
| **LIFE INSURANCE POLICY OF NORTH AMERICA** <br> Two Liberty Place <br> 1601 Chestnut Street <br> Philadelphia, PA 19192 <br> and | |
| **ARIA HEALTH d/b/a ARIA-** ✓ <br> **JEFFERSON HEALTH** <br> 10800 Knights Road <br> Philadelphia, PA 19114 | |
| Defendants | |

---

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a writ of summons in the above-captioned matter.

Case ID: 180302188

Respectfully Submitted,

WEISBERG LAW

SCHAFKOPF LAW, LLC

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ.

DATED: 3-19-18

DATED: 3-19-18

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

| | |
|---|---|
| Michelle Sherman | : COURT OF COMMON PLEAS |
| *Plaintiff* | : |
| | : _____ Term, 20___ |
| vs. | : |
| | : No._____ |
| Cigna Corporation et al | : |
| *Defendant* | |

To[1]

Cigna Corporation

Life Insurance Policy of North America

Aria Health d/b/a Aria-Jefferson Health

## Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Michelle Sherman

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

10-208 (Rev. 6/14

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 180302188

## Court of Common Pleas

_____ Term, 20 _____

No. _____

Michelle Sherman
*Plaintiff*

vs.

Cigna Corporation et al
*Defendant*

# SUMMONS

Case ID: 180302188

## CERTIFICATE OF SERVICE

I, Meghan J. Talbot, hereby certify that on the date stated below, I caused a true and correct copy of the foregoing *Notice of Removal* to be served via U.S. Mail upon counsel as follows:

Matthew B. Weisberg, Esquire
WEISBERG LAW
7 South Morton Avenue
Morton, PA  19070

*Attorney for Plaintiff*

Gary Schafkopf, Esquire
SCHAFKOPF LAW LLC
11 Bala Avenue
Bala Cynwyd, PA  19004

*Attorney for Plaintiff*

Christopher J. Moran
3000 Two Logan Square
Philadelphia, PA 19103-2799

*Attorney for Defendant Aria Health*

_____
Meghan J. Talbot

Dated:    July 9, 2018