

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Christopher J. Moran
direct dial: 215-981-4169
direct fax: 215-981-4750
moranc@pepperlaw.com

July 16, 2018

Honorable Mitchell S. Goldberg
United States District Court for the
 Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Sherman v. Cigna Corp.*, et al.
 Civil Action No. 2:18-cv-02867

Dear Judge Goldberg:

I write on behalf of Defendant Aria Health in accordance with the Court's Rule 12(b) Procedural Order [ECF No. 3] to request a pre-motion conference. Aria Health anticipates filing a motion to dismiss Plaintiff Michelle Sherman's claims against it under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) they are plainly preempted by ERISA; and (2) there are no factual averments that would support such claims against Aria Health.

**Factual Background**[1]

Ms. Sherman is a former lab technician at Aria Health who stopped working due to cervicalgia, lumbago, and shoulder pain. Compl. ¶ 9. During her employment, she alleges that Aria Health funded a group long-term disability policy ("the Policy") provided through Co-Defendant Cigna Corporation ("Cigna"). *Id.* ¶¶ 7-9. Due to her health conditions, Ms. Sherman filed a claim under the Policy, which Cigna initially approved. *Id.* ¶¶ 11-12.

In or about 2016, Cigna terminated Ms. Sherman's disability benefits after reviewing her medical records. *Id.* ¶ 14. Ms. Sherman unsuccessfully appealed that decision the

---

[1] For purposes of this letter and any subsequent Motion to Dismiss, Aria Health is prepared to assume, as it must, the well-pled allegations in the Complaint. If this matter were to proceed further, Aria Health reserves the right to contest those allegations.

| Philadelphia | Boston | Washington, D C | Los Angeles | New York | Pittsburgh |
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Silicon Valley | Wilmington |

www.pepperlaw.com



Honorable Mitchell S. Goldberg
Page 2
July 16, 2018

following year. *Id.* ¶¶ 15-20. The claims in the Complaint are based on alleged deficiencies in Cigna's review of Ms. Sherman's claim and appeal. *Id.* ¶¶ 21-28. None of those alleged deficiencies involves conduct by Aria Health. Count I of the Complaint, under ERISA, is not directed at Aria Health. Counts II through V, under state law, are directed at all defendants.

### Proposed Rule 12(b)(6) Motion to Dismiss

**1.     Ms. Sherman's claims against Aria are preempted by ERISA.**

ERISA's broad preemption provisions require dismissal of Ms. Sherman's state law claims. Ms. Sherman does not appear to contest that the Policy is subject to ERISA—indeed, she asserts an ERISA claim against Cigna concerning its alleged administration of the Policy. When a benefit plan is subject to ERISA, courts routinely apply ERISA's preemption provisions to dismiss state law claims like those alleged here.

Congress intended ERISA to create a uniform federal system for the administration of benefit plans and, in furtherance of that goal, provided ERISA with what our Supreme Court has called an "extraordinary pre-emptive power." *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293 (3d Cir. 2014) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Two arms of that preemptive power are relevant to Aria Health's anticipated motion and require dismissal: express preemption and conflict preemption.

ERISA Section 514(a) governs express preemption and states that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a). Ms. Sherman's state-law claims "relate to" an employee benefit plan because they concern the administration of the Policy. For instance, her bad faith claim under 42 Pa. C.S. § 8371 concerns Cigna's investigation, administration, and payment of benefits. Compl. ¶¶ 44-48. Dealing with such claims, our Court of Appeals has "explicitly held that actions under [S]ection 8371 are preempted by ERISA." *Scheibler v. Highmark Blue Shield*, 243 F. App'x 691, 694 (3d Cir. 2007) (citing *Barber v. Unum Life Ins. Co. of Am.*, 383 F.3d 134, 140-41 (3d Cir. 2004)). The remaining state law claims are similarly expressly preempted. *See Ford v. Unum Life Ins. Co. of Am.*, 351 F. App'x 703, 706 (3d Cir. 2009) ("[N]egligence . . . would ordinarily fall within the scope of ERISA preemption . . . ."); *Menkes*, 762 F.3d at 294-95 (dismissing breach of contract claims as preempted); *La Fata v. Raytheon Co.*, 223 F. Supp. 2d 668, 676 (E.D. Pa. 2002) (dismissing fiduciary duty claim as preempted).

ERISA Section 502(a) gives rise to conflict preemption and requires dismissal of claims that "duplicate[], supplement[], or supplant[] the ERISA civil enforcement remedy." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *see also* 29 U.S.C. § 1144. As just one



Honorable Mitchell S. Goldberg
Page 3
July 16, 2018

example of the many duplicative or supplemental remedies sought, Ms. Sherman's claims all seek punitive damages, but "Congress did not make punitive damages available under ERISA." *Menkes*, 762 F.3d at 296.  So, just as our Court of Appeals held in *Menkes*, Ms. Sherman's claims seeking such remedies are conflict preempted and must be dismissed.

### 2.     Ms. Sherman's claims also fail as a matter of law.

Even if Ms. Sherman's state-law claims were not plainly preempted, the lack of allegations involving Aria Health would also require dismissal.  It is telling that, in the section of the Complaint labeled "Operative Facts," Aria Health is hardly mentioned.  In fact, the only well-pled, Aria Health-specific conduct alleged is: (1) funding the Policy, Compl. ¶ 7, and (2) employing Ms. Sherman, *id.* ¶ 9.

As one example, Ms. Sherman's claim of statutory bad faith requires pleading that Aria Health has acted in bad faith.  She attempts to plead this by reciting boilerplate "bad faith" conduct, none of which is attributable to Aria Health.  *Id.* ¶ 46.  For instance, she alleges bad faith through "failing to conduct a proper investigation prior to terminating Plaintiff's benefits[.]" *id.* ¶ 46(a).  However, the Complaint alleges that Cigna carried out the investigation and does not allege Aria Health had any duty to investigate.  *Id.* ¶¶ 14-29.  The remaining examples of bad faith are either vague legal conclusions such as that all defendants "[b]reach[ed] [their] fiduciary relationship and contracts[,]" *id.* ¶ 46(d), or conduct attributable to Cigna, such as "[r]efusing without proper foundation to pay said claims[,]" *id.* ¶ 46(b).  This insufficiency applies to every state-law claim and requires dismissal.

### Conclusion

A straightforward reading of the Complaint shows Ms. Sherman's claims against Aria Health are preempted and fail to allege facts sufficient to state a claim.  Accordingly, Aria Health anticipates filing a motion to dismiss pursuant to Rule 12(b)(6) and appreciates the Court's consideration of its request for a pre-motion conference.

Respectfully submitted,

*/s/ CJ Moran*

Christopher J. Moran

CJM/sdh

## CERTIFICATE OF SERVICE

I, Christopher J. Moran, hereby certify that on July 16, 2018, I caused a true and correct copy of the foregoing letter requesting a pre-motion conference to be filed electronically where it is available for viewing and download or to be sent by U.S. Mail, as indicated below, to the following:

Matthew B. Weisberg
Weisberg Law
7 South Morton Ave.
Morton, PA 19070

*Attorney for Plaintiff* (via U.S. Mail)

Gary Shafkopf
Hopkins Shafkopf, LLC
11 Bala Ave.
Bala Cynwyd, PA 19004

*Attorney for Plaintiff* (via ECF)

Caitlin P. Strauss
Meghan Jane Talbot
Matthew Myers Haar
Saul Ewing Arnstein & Lehr LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA 19102

*Attorneys for Defendants Cigna Corporation and*
*Life Insurance Policy of North America* (via ECF)

Respectfully submitted,

Dated:   July 16, 2018   /s/ *Christopher J. Moran*
                          Christopher J. Moran (PA I.D. No. 68142)