

Matthew M. Haar
Phone: (717) 257-7508
Fax: (717) 257-7581
matt.haar@saul.com
www.saul.com

July 16, 2018

**VIA ECF**
The Honorable Mitchell S. Goldberg
James A. Byrne U.S. Courthouse
601 Market Street, Room 7614
Philadelphia, PA 19106

      Re:    *Michelle Sherman v. Cigna Corporation et el.* **No. 18-cv-02867-MSG (E.D. Pa.)**
             <u>**Request for Pre-Motion Conference**</u>

Dear Judge Goldberg:

      On behalf of Defendants Cigna Corporation and Life Insurance Company of North America ("LINA"), the latter incorrectly identified by Plaintiff as Life Insurance Policy of North America (collectively, "LINA Defendants"), we write pursuant to the Court's 12(b) Procedural Order dated July 11, 2018 (Dkt. No. 3) to request a pre-motion conference.

      Plaintiff's claim is a dispute over LINA's termination of long term disability ("LTD") benefits under an ERISA plan. LINA Defendants intend to file a 12(b)(6) motion to dismiss Plaintiff's preempted state-law claims and to dismiss Cigna Corporation as a defendant. LINA Defendants also seek to strike Plaintiff's jury demand and correct LINA's name on the docket. The bases for each argument are addressed in turn below.

***(1) Plaintiff's state law claims should be dismissed as they are preempted by ERISA (Count I).***

      This case arises from the termination of LTD benefits under an ERISA plan. Plaintiff, a former employee of Quest Diagnostics, Inc. ("Quest"), has purported to assert five claims against Defendants. Plaintiff has pled Count I under ERISA. Accordingly, Counts II, III, IV, and V, constituting Plaintiff's state-law claims, should be dismissed with prejudice as these claims are preempted by ERISA.

      Section 514(a), the express preemption provision of ERISA, provides, with limited exceptions not implicated in this case, that ERISA preempts "any and all State laws insofar as they. . . relate to any employee benefit plan" covered under the statute. *See* 29 U.S.C. § 1444(a). The Third Circuit has observed that the statutory phrase "relate to" "has always been given a broad, common-sense meaning, such that a state law 'relates to' an employee benefit plan, in the

normal sense of the phrase, if it has a connection with or reference to such a plan." *See Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293–94 (3d Cir. 2014). As the Third Circuit has explained, claims alleging, *inter alia,* breach of contract, bad faith, or negligence in connection with the denial of benefits under an ERISA-covered plan are preempted under ERISA, because those claims "are premised on the existence of the plan." *Menkes*, 762 F.3d at 294. Plaintiff's separate claims are specifically addressed below:

*Count II (Bad Faith)* brings a common law and statutory bad faith claim. Pennsylvania's bad-faith statute is "expressly preempted by ERISA." *Barber v. Unum Life Ins. Co. of Am.*, 383 F.3d 134, 144 (3d Cir. 2004).

*Count III (Negligence):* State law negligence claims concerning administration of benefits are expressly preempted by ERISA. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001).

*Count IV (Breach of Contract/Quasi-Contract/Unjust Enrichment/Promissory Estoppel):* State law breach of contract claims are routinely dismissed as preempted. Quasi-contractual claims are also dismissed as preempted when they are likewise related to an ERISA employee benefit plan. *See, e.g., Hartman v. Wilkes-Barre Gen. Hosp.*, 237 F. Supp. 2d 552, 556 (M.D. Pa. 2002) (dismissing unjust enrichment and promissory estoppel claims as preempted).

*Count V (Breach of Fiduciary Duty)* alleges a common law breach of fiduciary duty claim against the Defendants. These claims are also preempted by ERISA given that the alleged breaches "relate to" specific provisions of the policy, which is governed by ERISA. *See, e.g.*, Complaint ¶56; *see also Haymaker v. Reliance Stand. Life Ins. Co.*, CV 15-06306, 2016 WL 1696851, at *4 (E.D. Pa. Apr. 27, 2016) (citing *Mitnik v. Cannon*, 784 F. Supp. 1190, 1195 (E.D. Pa. 1992), *aff'd*, 989 F.2d 488 (3d Cir. 1993) (finding breach of fiduciary duty claims to be "the type that ERISA was designed to [preempt]")).

Finally, to the extent Plaintiff cites to various Pennsylvania consumer protection statutes, claims premised upon these statutes are preempted as well. *See, e.g.*, *Gilbertson v. Unum Life Ins. Co. of Am.*, CIV.A.03-5732, 2005 WL 1484555, at *3 (E.D. Pa. June 21, 2005) (collecting cases).

***(2) Plaintiff's Count V (Breach of Fiduciary Duty) separately fails to state a claim upon which relief may be granted.***

Count V (Breach of Fiduciary Duty), in addition to being preempted, fails to state a claim upon which relief may be granted for at least two other reasons.

Even if Plaintiff had pled a breach of fiduciary duty claim under ERISA, it is "well-established that § 502(a)(2) does not allow for individual recovery for breach of fiduciary duty." *Ream v. Frey*, 107 F.3d 147, 152 (3d Cir. 1997). As Plaintiff is only seeking individual recovery, her claim fails.

Moreover, even if Plaintiff had properly identified a cognizable statutory provision for a breach of fiduciary duty claim, Plaintiff's complaint is devoid of plausible facts to support such a claim. As such, this count should be dismissed with prejudice.

*(3) Cigna Corporation should be dismissed as a defendant as it is not a proper party.*

Plaintiff has incorrectly sued Cigna Corporation, who is not a proper party to this suit. Plaintiff incorrectly conflates LINA and Cigna Corporation and jointly labels them in the Complaint as "Cigna." (*See, e.g.*, Complaint ¶14). Defendant LINA is an insurance company. LINA, not Cigna Corporation, issued the Policy relating to Plaintiff's Complaint, and Cigna Corporation is not a party to the Policy.

LINA alone bears responsibility for the administration of claims made under the terms of the Policy. There are no well-pleaded facts establishing any claim against Cigna Corporation. For these reasons, this Court should dismiss Cigna Corporation from this suit with prejudice.

*(4) Plaintiff is not entitled to a jury trial in an ERISA action.*

Defendants will move to strike Plaintiff's jury demand, because ERISA does not permit a jury trial. *See Eichorn v. AT&T*, 484 F.3d 644, 656 (3d Cir. 2007); *see also Rizzo v. First Reliance Stand. Life Ins. Co.*, 17-CV-745 (PGS), 2017 WL 6626315, at *7 (D.N.J. Dec. 28, 2017) (striking jury demand).

*(5) Life Insurance Policy of North America is not an entity which may be sued, and the correct name of this Defendant is Life Insurance Company of North America.*

Finally, Defendant Life Insurance Company of North America will move to correct its name in the Docket and pleadings.

LINA Defendants are available at the Court's convenience to discuss the above matters. Defendants thank Your Honor in advance for the Court's consideration of this matter.

Respectfully submitted,

*s/ Matthew M. Haar*
Matthew M. Haar

*Attorney for Defendants Cigna Corporation and Life Insurance Policy of North America*

# CERTIFICATE OF SERVICE

      I hereby certify that on this day, I served a true and correct copy of the foregoing letter via ECF or email on all counsel of record as follows:

      Matthew B. Weisberg, Esquire
      WEISBERG LAW
      7 South Morton Avenue
      Morton, PA  19070

      *Attorney for Plaintiff*

      Gary Schafkopf, Esquire
      SCHAFKOPF LAW LLC
      11 Bala Avenue
      Bala Cynwyd, PA  19004

      *Attorney for Plaintiff*

      Christopher J. Moran
      3000 Two Logan Square
      Philadelphia, PA 19103-2799

      *Attorney for Defendant Aria Health*

      *s/ Matthew M. Haar*
      Matthew M. Haar

Dated:  July 16, 2018